UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOMAS SANTIAGO,

                Plaintiff,

—against—

C.O. SAMONE MURPHY,
C.O. MICHAEL ROHAN,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

08-CV-1961 (SLT)

**TOWNES, United States District Judge:**

Plaintiff Tomas Santiago ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, claiming that he was assaulted by a correctional officer while incarcerated at the Arthur Kill Correctional Facility ("Arthur Kill"). Defendants Samone Murphy and Michael Rohan ("Defendants") move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to exhaust his administrative remedies as required by Section 1997e(a) of the Prison Litigation Reform Act ("PLRA").

The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Nussle*, 534 U.S. at 524. "There is no question that

1

exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

Under the PLRA, an inmate "must fully comply with the prison facility's grievance rules and procedures and must appeal any issue raised through the highest level of administrative review" before bringing a lawsuit. *Braxton v. Nichols*, No. 08 Civ. 08568, 2010 WL 1010001, at *11 (S.D.N.Y. Mar. 18, 2010). As the Second Circuit has explained:

> [New York State Department of Correctional Services'] grievance process consists of three stages. First, a grievance is filed with the Inmate Grievance Resolution Committee ("IGRC"). Next, an inmate may appeal an adverse decision to the prison superintendent. Finally, an inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC").

*Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006). "[A]ll levels of [this process] must be exhausted before a § 1983 action may be brought in federal court." *Murray v. Prison Health Servs.*, 513 F. Supp. 2d 9, 13 (S.D.N.Y. 2007).

Defendants contend that Plaintiff did not exhaust his administrative remedies in accordance with the three-tiered administrative process. They claim that Plaintiff did not file a grievance or appeal its denial as required. In support of their argument, they attach declarations from Tara Brousseau, the Inmate Grievance Supervisor at Clinton, and Karen Bellamy, the Director of the Inmate Grievance Program at the New York State Department of Correctional Services.

In reviewing a 12(b)(6) motion, "a court looks only to the four corners of the complaint and evaluates the legal viability of the allegations contained therein." *Turner v. Olympic Reg'l Dev. Auth.*, 89 F. Supp. 2d 241, 242 (N.D.N.Y. 2000). A district court can only consider the facts stated in the complaint and documents that are either attached to the complaint or incorporated into the complaint by reference. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d

Cir. 1999). If other extraneous materials are "presented to and not excluded by the court," the motion should be treated as a summary judgment motion under Fed. R. Civ. P. 56. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

The Court elects to treat Defendants' motion to dismiss as a motion for summary judgment under Fed. R. Civ. P. 56 because Defendants have submitted extrinsic material that is not part of Plaintiff's Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Williams v. Metro. Det. Ctr.*, 418 F. Supp. 2d 96, 101-02 (E.D.N.Y. 2005). The Supreme Court has made clear that a plaintiff is not required to plead the exhaustion of administrative remedies in his complaint and, Plaintiff's failure to exhaust is not apparent on the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 211-17 (2007); *Lahoz v. Orange County*, Nos. 08 Civ. 3589, 08 Civ. 4364, 2009 WL 666950, at *2 (S.D.N.Y. 2009); *see also Williams*, 418 F. Supp. 2d at 101; *Brito v. Vargas*, 01-CV-7753, 2003 WL 21391676, at *1-*2 (E.D.N.Y. Jun. 16, 2003).

The Court notes that Plaintiff was served with a notice pursuant to Local Civil Rule 12.1, which warned him that the Court could treat Defendants' motion as a summary judgment motion. The notice advised the Plaintiff that his complaint could be dismissed without a trial if he did not respond to the motion "by filing sworn affidavits or other papers as required by Rule 56(e)." (Docket No. 37). In light of the Plaintiff's *pro se* status and the fact that the Plaintiff did not address the exhaustion issue in his opposition to the motion to dismiss, instead advancing a meritless argument that he is entitled to a default judgment, the Court will grant Plaintiff an opportunity to submit any materials he wishes the Court to consider on Defendants' summary

judgment motion, and to request discovery, before the Court rules on the motion. *See Hernandez v. Coffey, C.O.*, 582 F.3d 303 (2d Cir. 2009).

The Plaintiff is advised that his claims may be dismissed without a trial if he does not respond to this motion by filing sworn affidavits or other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible into evidence at trial. The Plaintiff has already been provided with a copy of the full text of Rule 56. In short, Rule 56 provides that Plaintiff may not oppose the Defendants' motion simply by relying upon the allegations in Plaintiff's Complaint. Rather, Plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the Defendants and raising issues of fact for trial.

Any witness statements, which may include Plaintiff's own statements, must be in the form of affidavits. Plaintiff may submit his own affidavit and/or the affidavits of others. Plaintiff may submit affidavits that were prepared specifically in response to Defendants' motion. Plaintiff is warned that if he does not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the Defendants, the Court may accept Defendants' factual assertions as true. Judgment may then be entered in the Defendants' favor without a trial. If Plaintiff has any questions, he may direct them to the *Pro Se* Office.

Accordingly, it is **ORDERED** that Plaintiff shall submit any materials that he would like the Court to consider in opposition to the Defendants' summary judgment motion by June 21, 2010. Defendants shall serve and file their reply, if any, by July 1, 2010. If Plaintiff wishes to request discovery, he must notify the Court and the Defendants by June 14, 2010 of his intent to do so and shall specify the items of discovery that he seeks.

**SO ORDERED.**

Dated: May 21, 2010
Brooklyn, New York

/SANDRA L. TOWNES
United States District Judge