FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 30 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TOMAS SANTIAGO,

                       Plaintiff,

—against—

C.O. SAMONE MURPHY,
C.O. MICHAEL ROHAN,

                       Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

08-CV-1961 (SLT)

**TOWNES, United States District Judge:**

**INTRODUCTION**

       Plaintiff Tomas Santiago ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, claiming that he was assaulted by a correctional officer while incarcerated at the Arthur Kill Correctional Facility ("Arthur Kill"). Defendants Samone Murphy and Michael Rohan ("Defendants") move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiff's failure to exhaust his administrative remedies as required by Section 1997e(a) of the Prison Litigation Reform Act ("PLRA").

       In a Memorandum and Order dated May 21, 2010, the Court converted the motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The Court invited Plaintiff to "submit any materials that he would like the Court to consider in opposition to the Defendants' summary judgment motion by June 21, 2010." (Docket No. 42 at 5.) The Court also gave Plaintiff the opportunity to request discovery by June 14, 2010. Plaintiff has not submitted any materials in opposition to the summary judgment motion, and has not requested any discovery. Accordingly, the Court will rule on Defendants' summary judgment motion. The motion is granted for the reasons set forth below.

1

## FACTS

Plaintiff alleges that on November 21, 2007, at approximately 12:15 p.m., he was assaulted by an unknown female correctional officer while walking to his housing unit after leaving the mess hall at Arthur Kill. (Complaint at 2-3.) Plaintiff originally sued a Jane Doe correctional officer and correctional officer Michael Rohan, who Plaintiff alleges to have witnessed the assault. (Complaint at 3.) However, Plaintiff later identified correctional officer Samone Murphy as the unnamed defendant, and the caption was amended accordingly. (Order dated July 23, 2008, Docket No. 20.) Plaintiff claims that he reported severe back and neck pain, was seen in Arthur Kill's medical unit, and was given four tablets of ibuprofen before being returned to the housing unit. (Complaint at 3.)

After the alleged assault, Plaintiff was transferred to the Clinton Correctional Facility ("Clinton") and claims to have filed a grievance at Clinton for the assault at Arthur Kill. (Complaint at 4.) However, Plaintiff does not state when he filed this grievance and does not articulate the result of the grievance. Nor does Plaintiff state whether he appealed the decision resulting from the grievance. In fact, the form complaint specifically asks for the result of a grievance and about whether any appeal was made, but Plaintiff left the spaces for the answers to these questions blank. (Complaint at 4.)

## STANDARD OF REVIEW

### *Summary Judgment Standard*

Summary judgment is appropriate when the record demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it

"might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating that there is no genuine issue of fact. *Id.* at 256. If this burden is met, the party opposing summary judgment must set forth "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The Court "must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). However, a party cannot successfully oppose a summary judgment motion with "conclusory allegations, speculation or conjecture." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996). Summary judgment also cannot be avoided "by vaguely asserting the existence of some unspecified disputed material facts." *Borthwick v. First Georgetown Secs., Inc.*, 892 F.2d 178, 181 (2d Cir. 1989).

## DISCUSSION

The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Nussle*, 534 U.S. at 524. "There is no question that

3

exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

Under the PLRA, an inmate "must fully comply with the prison facility's grievance rules and procedures and must appeal any issue raised through the highest level of administrative review" before bringing a lawsuit. *Braxton v. Nichols*, No. 08 Civ. 08568, 2010 WL 1010001, at *11 (S.D.N.Y. Mar. 18, 2010). However, a prisoner's failure to exhaust administrative remedies may be excused when:

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

*Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006). As the Second Circuit has explained:

> [New York State Department of Correctional Services'] grievance process consists of three stages. First, a grievance is filed with the Inmate Grievance Resolution Committee ("IGRC"). Next, an inmate may appeal an adverse decision to the prison superintendent. Finally, an inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC").

*Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006). "[A]ll levels of [this process] must be exhausted before a § 1983 action may be brought in federal court." *Murray v. Prison Health Servs.*, 513 F. Supp. 2d 9, 13 (S.D.N.Y. 2007).

Defendants contend that Plaintiff did not exhaust his administrative remedies in accordance with the three-tiered administrative process. They claim that Plaintiff did not file a grievance or appeal its denial as required. In support of their argument, they attach declarations from Tara Brousseau, the Inmate Grievance Supervisor at Clinton, and Karen Bellamy, the

4

Director of the Inmate Grievance Program at the New York State Department of Correctional Services ("DOCS").

Ms. Brousseau, states: "I have reviewed Clinton's files and have found no grievance filed by Mr. Santiago concerning this incident." (Docket No. 38-1 ¶ 6.) Ms. Bellamy explains in detail how the grievance procedure works and explains that she "assist[s] in maintaining the records of the Central Office Review Committee ("CORC"), which is the body that renders final administrative decisions under DOCS' Inmate Grievance Program." (Docket No. 38-2 ¶ 2.) She avers that she has "conducted a search of CORC's database for records of appeals to CORC of grievances filed by plaintiff, Tomas Santiago, DIN No. 07-A-1901, and have not found any appeal concerning an alleged use of force at [Arthur Kill] on November 21, 2007." (Docket No. 38-2 ¶ 11.) She further explained that Plaintiff had appealed the denial of a grievance that "involved his allegation of an improper surcharge at [Clinton] in 2008." (Docket No. 38-2 ¶ 11.)

Defendants' motion for summary judgment should be granted. There is no question that the Plaintiff was required to exhaust his claim by filing a grievance and following the administrative process for such claims. Plaintiff's complaint must be dismissed because there is no record of any grievance for the alleged November 2007 assault. Plaintiff's unsupported allegation that he filed a grievance at Clinton is insufficient to withstand a motion for summary judgment. As noted, in his complaint, he has not given any information about when the grievance was filed, what the result was, and whether he appealed if the grievance was denied. He also completely avoided the issue in his opposition to the Defendants' motion to dismiss, instead advancing a meritless argument that he is entitled to a default judgment. (*See* Docket No. 34.)

Even if Plaintiff's claim that he filed a grievance at Clinton was true, his complaint would still be dismissed because he does not assert that he appealed from the denial of his grievance. Nor is there any record of such an appeal. Finally, Plaintiff does not claim that administrative remedies were unavailable to him or that Defendants have waived, or are estopped from asserting, an exhaustion defense. Moreover, no special circumstances are set forth that would excuse Plaintiff from the exhaustion requirement. *See Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006). The grievance process was available to Plaintiff, and he cannot claim ignorance of the required procedures because he pursued his grievance relating to the contested surcharge in 2008. Moreover, the form complaint that Plaintiff submitted unambiguously informed him that, under the PLRA, a prisoner must exhaust his administrative remedies prior to filing a § 1983 claim, but he offers no evidence that he did so.

Plaintiff's complaint should be dismissed with prejudice because the administrative remedies, which he failed to pursue, are no longer available to him. *See Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004); *Richardson v. Darden*, No. 07 Civ. 6594, 2009 WL 414045, at *2 (S.D.N.Y. Feb. 17, 2009). Any grievance or appeal would now be untimely under 7 N.Y.C.R.R. 701.5, and the time limit for seeking an exception to the time limitations under 7 N.Y.C.R.R 701.6 has also passed, making a dismissal with prejudice appropriate. *See Bridgeforth v. Bartlett*, No. 08-CV-6471L, 2010 WL 597430, at *2 (W.D.N.Y. Feb. 17, 2010); *Clarke v. Thornton*, 515 F. Supp. 2d 435, 441 (S.D.N.Y. 2007).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted, and Plaintiff's complaint is dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: June 30, 2010
       Brooklyn, New York